## CECO Studios, LLC v WCB Holdings, LLC

2024 NY Slip Op 34329(U)

December 9, 2024

Supreme Court, New York County

Docket Number: Index No. 651653/2024

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   HON. MELISSA A. CRANE                    PART            60M

                                          *Justice*

-------------------------------------------------------------------------X

CECO STUDIOS, LLC,                          INDEX NO.          651653/2024

                          Plaintiff,        MOTION DATE        08/01/2024

                - v -                       MOTION SEQ. NO.        003

WCB HOLDINGS, LLC,                          **DECISION + ORDER ON MOTION**

                          Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193

were read on this motion to/for                     COMPLEX                     .

Upon the foregoing documents, it is

Prior to the close of discovery, plaintiff has moved pursuant to CPLR 3126(1), asking the court to resolve, in CECO's favor, the issue of whether WCB caused water to infiltrate CECO's building "such that CECO shall remove its two [j]oints" and "reconstruct its two Joints pursuant to a design, specifications, materials and plans that are approved by Thornton Thomasetti and this Court"; (ii) pursuant to CPLR 3126(2), precluding WCB from asserting that its joints are satisfactory and are preventing water infiltration onto CECO's premises; (iii) pursuant to CPLR 3126(3), staying this case; (iv) pursuant to 22 NYCRR 130-1.1 and CPLR 3126, imposing monetary sanctions on WCB; (v) pursuant to CPLR 1003, permitting the filing nunc pro tunc of CECO's proposed amended complaint that was previously rejected by Court for failure to comply with CPLR 1003; and (vi) modifying the Judicial License entered by the Court on July 10, 2024 (NYSCEF No. 129) to, *inter alia*, permit CECO to access WCB's building.

**651653/2024   CECO STUDIOS, LLC, vs. WCB HOLDINGS, LLC,**                    **Page 1 of 4**
  **Motion No.  003**

1 of 4

[* 1]

This is a dispute about the origin of a water leak between two properties. By this motion, Plaintiff has moved, again, and again prematurely, essentially for judgment in its favor by asking this court to resolve all issues in its favor based on perceived discovery abuses. The court denies the motion.

This case is remarkable for the level of acrimony and chaos that plaintiff's counsel has created. At the beginning of the appearance on this motion on August 19, 2024, the court warned that, if proceedings went as badly as prior appearances, the court would stop the hearing and take the motion on submission. Despite that admonishment, plaintiff's counsel proved incapable of controlling himself. He interrupted: (1) opposing counsel, (2) the court and (3) his own expert witness from whom the court was extremely interested in hearing. He carried on long, largely irrelevant soliloquies. He made demands on the court, including demanding the court hear from certain witnesses that he deemed more important than the ones the court actually wanted to hear from–the experts. Plaintiff's counsel became so unruly that the court muted him on TEAMS.

Forging ahead, plaintiff's counsel promptly unmuted himself and continued with his tirade. Finally, after plaintiff's counsel demanded that the court hear from his own client, who likely had no useful information (which is why there is no affidavit from him on this motion), the court had had enough. Realizing that plaintiff's counsel was going to make it impossible for the court to question the experts, the court ended the hearing and took the motion on submission. The court hereby warns plaintiff's counsel that further aggressive behavior and disrespect to the court, will result in immediate sanctions.

Plaintiff has the burden on this motion. It has not carried that burden. First, defendant is correct that plaintiff missed the deadline to add new parties as of right per CPLR 1003 and

651653/2024  CECO STUDIOS, LLC, vs. WCB HOLDINGS, LLC,  Page 2 of 4
Motion No.  003

2 of 4

[* 2]

therefore the court denies that part of the motion to allow plaintiff to file, nunc pro tunc, CECO's proposed amended complaint. If plaintiff wishes to amend, it will have to make a motion.

Nor will the court amend the license. There is no reason to permit CECO unfettered access to WCB's building under the circumstances. WCB is responsible for the work. If plaintiff wishes to inspect defendant's property it can ask permission of the court and, if granted, coordinate an inspection with defendant present. Given plaintiff's overly aggressive litigation tactics, it has squandered any opportunity it had to access defendant's property without defendant being present.

Nor will the court award sanctions in the form of the ultimate relief in the case based on plaintiff's perceived discovery violations. This case comes down to a battle of the experts. Plaintiff has not demonstrated that its own experts cannot form a conclusion because defendants have not been forthcoming with information. In fact, plaintiff has submitted expert reports from water testing that occurred subsequent to the submission date of this motion. This development further demonstrates that this motion from plaintiff is premature.

Moreover, at a December 6, 2024 conference, plaintiff insisted that the court has all the information it needs to allow plaintiff access to repair the joints itself. This position is at odds with needing discovery from defendant. Accordingly, the court denies that part of plaintiff's motion seeking sanctions for discovery violations.

To the extent that plaintiff wants a hearing for a different reason, it should make a different motion. The parties have undertaken water testing. If there is new information from that testing, this decision is without prejudice to plaintiff making a new motion to address the results of the findings from the water testing and protect its property. However, the court reminds

651653/2024   CECO STUDIOS, LLC, vs. WCB HOLDINGS, LLC,                    Page 3 of 4
Motion No.  003

3 of 4

[* 3]

plaintiff that it has the ultimate burden to prove: (1) that water damage is occurring and (2) that the water damage is defendant's fault. If plaintiff determines that it cannot prove its case without additional information from defendant, it should notify the court immediately. The court is greatly looking forward to finally hearing from the experts.

Accordingly, it is

ORDERED THAT the motion is denied.

20241209110354MACRANE59CE151E7B5648C3B579D551CED00FF8

__12/9/2024__
__DATE__

__MELISSA A. CRANE, J.S.C.__

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**651653/2024   CECO STUDIOS, LLC, vs. WCB HOLDINGS, LLC,**
**Motion No.  003**

**Page 4 of 4**

4 of 4

[* 4]